## FRICK CO. v. RUBEL CORPORATION.
### No. 153.

Circuit Court of Appeals, Second Circuit.
Jan. 23, 1933.

See, also, 1 F. Supp. 100.

Jacob A. Freedman, of Brooklyn, N. Y. (Stephen Callaghan, of New York City, and Louis R. Patur, of Brooklyn, N. Y., on the brief), for appellant.

Wise & Seligsberg, of New York City (Leon Lauterstein and Emanuel Dankowitz, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This action was properly a part of action No. 1 between the same parties, which we have decided in an opinion handed down herewith. 62 F.(2d) 765. Two of the contracts there mentioned contained a clause as follows: "In case seller is compelled to place this contract in the hands of an attorney in order to procure settlement in accordance with the terms thereof, the buyer agrees to pay * * * all expenses and attorneys' fees incurred by it to effect settlement not exceeding five per cent. of the fund so found to be due." The third contract did not contain this provision. There was in the original complaint a sixth cause of action laid on this clause, but at the trial it was agreed that the plaintiff might withdraw it "without prejudice, however, to the right * * * to bring an independent suit to recover this item." In accordance with this stipulation the plaintiff brought this action after judgment in the first, and for five per cent. of the amount recovered. It alleged the presence of the clause in the two contracts, the recovery of judgment upon the three, the payment by the plaintiff to its attorneys of more than five per cent. of the amount of the recovery, and that the payment was less than the reasonable value of the services rendered and the expenses incurred. After an unsuccessful motion to dismiss the complaint, the defendant answered, traversing among other allegations, that as to the reasonable value of the services, and alleging as a defence that the first judgment had merged any cause of action for the recovery sought. Later it served an amended answer, seeking to reopen the matters settled by the judgment. Thereupon

the plaintiff moved for summary judgment upon an affidavit of its attorney, alleging the entry of judgment in the first action, and that in his opinion his services were of a value greater than five per cent. of the recovery. The defendant replied with an affidavit of its president, which argued that the first judgment was incorrect and should not be treated as conclusive, but did not challenge the value of the attorney's services, except by alleging that the answer had traversed that allegation of the complaint. The judge granted summary judgment and the defendant appealed.

■■ The first judgment might indeed have merged this cause of action, except for the stipulation, for ordinarily a party may not split his claim. However, there is no objection to an agreement that the first judgment shall not be a merger, the purpose of the doctrine being only to avoid the vexation of two suits when one will serve. The point of law is therefore without substance. The matters settled in the first action were res judicata, and cannot be reopened here. There being no issue of fact raised by the affidavits, the case is proper for the application of Rule 113 of the Supreme Court of New York, which provides that in an action in contract the answer may be struck out, and judgment entered on affidavit of a person who knows the facts, "unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend." Although, as we have said, the answer denied that the value of the attorney's services were as much as the amount claimed, and the answering affidavit alleged that the answer contained such a denial, this will not serve. The defendant must answer the claim more specifically to be "entitled to defend"; "facts must be presented rather than mere general or specific denials in order to defeat a motion." O'Meara Co. v. National Park Bank, 239 N. Y. 386, 387, 395, 146 N. E. 636, 638, 39 A. L. R. 747. Nor is this a case where the claim is unliquidated and must be assessed in a separate proceeding. That would indeed be true, if it were necessary to fix the value of the attorneys' services. It is not; all we need know is that it was at least equal to five per cent. of the recovery. The plaintiff has paid more, and if it has not paid too much, judgment on the contract liquidates the "settlement" and the claim with it. There was no issue tendered by the defendant's affidavit at all; the affidavit of the plaintiff's attorney, while indeed biased, was not to be wholly disregarded, and it stands uncontradicted.

■■ The third contract did not contain the clause on which this action depends; we do not think that it can be imported into it by implication. Thus it follows that the judgment must be modified by deducting five per cent. upon the amount of the recovery upon the third contract, twenty-one hundred dollars.

Judgment modified by deducting one hundred and five dollars, and as modified affirmed.